# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:15-cv-353-RJC
# (3:05-cr-48-RJC-CH-1)

| | | |
|---|---|---|
| RODNEY COLEMAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, pursuant to 28 U.S.C. § 2255, (Doc. No. 1), and on the Government's Response in Support, (Doc. No. 11). Petitioner is represented by Joshua Carpenter of the Federal Defenders of Western North Carolina. For the reasons that follow, the motion to vacate will be granted.

**I. BACKGROUND**

On July 15, 2005, Petitioner Rodney Coleman entered a straight-up plea of guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). (Crim. Case No. 3:05-cr-48-RJC-CH-1, Doc. No. 10: Acceptance and Entry of Guilty Plea). The probation officer prepared a presentence report (PSR), noting that Petitioner had at least three prior convictions for violent felonies or serious drug offenses and that he qualified as an armed career criminal. (Id., Doc. No. 27 at ¶ 21: PSR). Among the prior convictions reported by the probation officer were four convictions for common law robbery and one prior conviction for assault inflicting serious injury. (Id. at ¶¶ 21; 36; 40; 44). Based on a total offense level of 30 and a criminal history category of V, the probation officer determined that the applicable

1

Guidelines range of imprisonment was between 151 and 188 months. (Id. at ¶ 90). Additionally, however, the probation officer noted that, under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), Petitioner was subject to a mandatory minimum term of fifteen years' imprisonment, resulting in a Guidelines range of imprisonment of between 180 and 188 months. (Id.).

On July 11, 2006, this Court sentenced Petitioner under the ACCA to the statutory mandatory minimum sentence of 180 months' imprisonment, to be followed by five years of supervised release. (Id., Doc. No. 15: Judgment). The Fourth Circuit affirmed this Court's judgment. United States v. Coleman, 235 F. App'x 170 (4th Cir. 2007). On July 31, 2015, Petitioner filed the instant motion to vacate his sentence, arguing that he was sentenced as an armed career criminal in violation of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). Petitioner contends that, in light of Johnson, he no longer has three predicate convictions supporting his classification as an armed career criminal. Specifically, Petitioner contends that his prior common law robbery convictions qualified as predicate convictions under the ACCA based only on the now-invalid residual clause.

The Government originally moved to dismiss Petitioner's motion to vacate on the grounds that he procedurally defaulted his challenge to the constitutionality of the residual clause and because his common law robbery convictions still qualified as predicate offenses under the ACCA's force clause. (Doc. No. 6). On January 20, 2016, this Court stayed Petitioner's motion pending resolution of the appeal in United States v. Gardner, No. 14-4533. (Doc. No. 10). The decision in Gardner has issued, United States v. Gardner, No. 14-4533, __ F.3d __, 2016 WL 2893881 (4th Cir. May 18, 2016), and the Government has now filed an amended response, in

which the Government agrees that Petitioner is entitled to sentencing relief under Johnson, and the Government further states that it is waiving any procedural defenses.

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

As noted, the ACCA provides for a mandatory-minimum term of 15 years in prison for any defendant who violates 18 U.S.C. § 922(g) and who has three previous convictions for a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e)(1). "Violent felony" is defined to include "any crime punishable by imprisonment for a term exceeding one year" that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." Id. § 924(e)(2)(B).

In 2015, the Supreme Court held in Johnson that the provision defining "violent felony" to include a prior conviction for an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another," known as the "residual clause" of the ACCA's "violent felony" definition, is void for vagueness. Johnson, 135 S. Ct. at 2556, 2558. The Supreme Court also held that the clause is void "in all its applications." Id. at 2561. The

Court did not strike the remainder of the "violent felony" definition, including the four enumerated offenses and the "force clause" of § 924(e)(2)(B)(i). Id. at 2563.

As a result of Johnson, a defendant who was sentenced to a statutory mandatory-minimum term based on a prior conviction that satisfies only the residual clause of the "violent felony" definition is entitled to relief from his sentence. See United States v. Newbold, 791 F.3d 455, 460 (4th Cir. 2015) (holding that the improper imposition of an ACCA-enhanced sentence is an error that is cognizable in a motion to vacate filed under 28 U.S.C. § 2255). Where, however, the prior convictions upon which his enhanced sentence is based qualify as violent felonies under the "force clause" or qualify as one of the four enumerated offenses, no relief is warranted. On April 18, 2016, the Supreme Court held in Welch v. United States, 136 S. Ct. 1257 (2016), that Johnson is retroactively applicable on collateral review to claims that the defendant was improperly sentenced as an armed career criminal.[1]

Petitioner challenges the use of his prior North Carolina common law robbery convictions to enhance his sentence. In Gardner, the Fourth Circuit held "that North Carolina common law robbery does not qualify categorically as a 'violent felony' under the ACCA." Gardner, 2016 WL 2893881, at *7. In particular, the Court determined that under North Carolina law a conviction for common law robbery does not require the use, attempted use, or threatened use of "'force capable of causing physical pain or injury to another person.'" Id. (quoting Johnson v. United States, 559 U.S. 133, 140 (2010)). Based on Gardner, the

---

[1] Petitioner contends, and the Government concedes, that Petitioner's § 2255 motion is timely because it was filed less than a year after the Supreme Court decided Johnson. See 28 U.S.C. § 2255(f)(3) (stating that a defendant may file a § 2255 motion within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review").

4

Government has conceded, and the Court agrees, that Petitioner's prior convictions for common law robbery no longer qualify as violent felonies under the ACCA; therefore, Petitioner lacks the qualifying convictions necessary to support his designation as an armed career criminal. Accordingly, the Court will grant Petitioner's motion to vacate and resentence him without the ACCA enhancement. Without the enhancement, Petitioner is subject to a statutory maximum term of 120 months in prison. See 18 U.S.C. § 924(a)(2). Because Petitioner has served more than the 120-month statutory maximum for a non-ACCA, Section 922(g) offense, he is entitled to immediate release from custody.[2]

Finally, the Court notes that Petitioner was given a supervised release term of five years following his custodial sentence. Because he no longer qualifies for an enhanced sentence under the ACCA, the appropriate term of supervised release for his Section 922(g) conviction is three years. See United States v. Geddie, No. 15-4478, 2016 WL 1399535, at *2 (4th Cir. Apr. 11, 2016). Therefore, Petitioner's term of supervised release is reduced to three years.

## IV. CONCLUSION

For the reasons stated herein, the Court grants Petitioner's motion to vacate.

**IT IS, HEREBY, ORDERED that**:

(1) Petitioner's Motion to Vacate, (Doc. No. 1), is **GRANTED**.

(2) Inasmuch as Petitioner is entitled to sentencing relief under Johnson, and because he has served a sentence that exceeds the statutory maximum to which his conduct exposed him, he is entitled to immediate release from custody. Petitioner is therefore **ORDERED** released from the custody of the United States Bureau of

---

[2] Petitioner has been incarcerated since September 29, 2004. See (Crim. Case No. 3:05-cr-48-RJC, Doc. No. 27 at 1). Therefore, not counting good-time credit, he has already served 120 months.

Prisons and/or the custody of the U.S. Marshals Service. Petitioner's term of supervised release shall remain in place, but it shall be reduced from five years to three years.

(3) To allow the Bureau of Prisons/United States Marshal/Pretrial Service adequate time, such are allowed up to ten days to comply with this order.

(4) The Clerk of Court shall certify copies of this Order to the U.S. Bureau of Prisons, U.S. Marshals Service, and the U.S. Probation and Pretrial Services Office.

Robert J. Conrad, Jr.
United States District Judge